UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIAM WINTER<br>26775 Maple Dr.<br>Westlake, OH 44145<br><br>           Plaintiff<br><br>    vs.<br><br>CITY OF WESTLAKE, OHIO<br>27300 Hilliard Blvd.<br>Westlake, OH 44145<br><br>    and<br><br>KEVIN BIELOZER, CITY OF WESTLAKE<br>CHIEF OF POLICE, in his Individual and<br>Official Capacities<br>c/o Westlake Police Dept.<br>27300 Hilliard Blvd.<br>Westlake, OH 44145<br><br>    and<br><br>MARK ARCURI<br>c/o Westlake Police Dept.<br>27300 Hilliard Blvd.<br>Westlake, OH 44145<br><br>    and<br><br>NATHAN FOX<br>c/o Westlake Police Dept.<br>27300 Hilliard Blvd.<br>Westlake, OH 44145<br><br>    and<br><br>WILLIAM ESCHENFELDER<br>c/o Westlake Police Dept.<br>27300 Hilliard Blvd.<br>Westlake, OH 44145 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>**COMPLAINT**<br><br>*[Jury Demand Endorsed Hereon]* |

CITY OF AVON                                    )
36080 Chester Road                              )
Avon, OH 44011                                  )
                                                )
    and                     )
                                                )
RICHARD A. BOSLEY, City of Avon Chief           )
of Police, in his Individual and Official       )
Capacities                                      )
c/o Avon Police Department                      )
36145 Detroit Road                              )
Avon, OH 44011                                  )
                                                )
    and                     )
                                                )
ANDY KEHL                                       )
c/o Avon Police Department                      )
36145 Detroit Road                              )
Avon, OH 44011                                  )
                                                )
    and                     )
                                                )
PAT NEUHOFF                                     )
c/o Avon Police Department                      )
36145 Detroit Road                              )
Avon, OH 44011                                  )
                                                )
    and                     )
                                                )
ROBERT OLDS                                     )
c/o Avon Police Department                      )
36145 Detroit Road                              )
Avon, OH 44011                                  )
                                                )
                    Defendants )

Now comes Plaintiff, William Winter (sometimes hereinafter referred to as "Plaintiff"), by and through counsel, and for his Complaint against the above-named Defendants states and avers as follows:

## **INTRODUCTION**

1.      This is a civil action stemming from incidents that occurred in the cities of Avon and Westlake, Ohio on October 23, 2014, at which time Plaintiff William Winter, along with multiple other innocent persons, suffered severe, permanent physical injuries as a result of the above-named Defendants' actions when they engaged in a police pursuit and attempted to terminate that pursuit by setting up roadblocks and deploying stock sticks in an extreme and outrageous manner that was substantially certain to, and did, cause the vehicle to crash through an occupied restaurant at a high rate of speed.

2.      Plaintiff William Winter suffered physical injuries and endured and continues to endure physical and emotional pain and suffering. Plaintiff seeks compensatory and punitive damages, as well as reasonable attorneys' fees.

3.      Plaintiff William Winter asserts claims under Title 42, § 1983 of the United States Code ("U.S.C.") for the direct and substantial violation of his fundamental right to liberty and bodily integrity, which is deeply rooted in this nation's history, under the protection of the Fourteenth Amendment to the United States Constitution.

4.      Plaintiff William Winter asserts a § 1983 claim against Defendants Cities of Westlake and Avon, Ohio, for their failure to properly train and/or supervise their police officers, and for promulgating customs, policies, and/or procedures, which proximately caused the violation of Plaintiff's federal constitutional rights and for ratifying the conduct of Defendants on October 23, 2014 that caused Plaintiff's injuries.

5.      Plaintiff William Winter asserts pendant state common law claims for the wanton, willful, reckless, extreme, and outrageous acts of Defendants, which were the cause of Plaintiff's injuries.

3

## JURISDICTION AND VENUE

6.    This Court has jurisdiction of the subject matter of this case pursuant to 28 U.S.C. § 1331, as certain claims in this civil action arise under the Constitution and laws of the United States, to wit, the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

7.    Pendant jurisdiction over the state law claims asserted herein is invoked pursuant to 28 U.S.C. § 1367.

8.    The matter in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interests and costs.

9.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), (e)(1), and (e)(2).

## PARTIES

10.    Plaintiff William Winter is, and was at all times relevant, a citizen of the State of Ohio residing in the County of Cuyahoga within the Northern District of Ohio, Eastern Division.

11.    Defendant City of Westlake, Ohio ("Westlake") is, and was at all times relevant, a political subdivision and unit of local government duly organized under the laws of the State of Ohio residing in the Northern District of Ohio, Eastern Division, and acting under the color of state law.  Defendant Westlake is a "person" under 42 U.S.C. § 1983.

12.    Defendant Kevin Bielozer is, and was at all times relevant, the Chief of Police for the City of Westlake, Ohio.  At all times relevant, Defendant Bielozer was a policymaker for the City of Westlake charged with the non-delegable duty to adequately and properly train and

4

supervise police officers employed by the City of Westlake.  Defendant Bielozer is a "person" under 42 U.S.C. § 1983.  Defendant Bielozer is sued in his official and individual capacity.

13.     Defendant Mark Arcuri is, and was at all times relevant, a police officer employed by the City of Westlake, Ohio acting under the color of state law.  Defendant Arcuri is a "person" under 42 U.S.C. § 1983.  Defendant Arcuri is sued in his individual capacity.

14.     Defendant Nathan Fox is, and was at all times relevant, a police officer employed by the City of Westlake, Ohio acting under the color of state law.  Defendant Fox is a "person" under 42 U.S.C. § 1983.  Defendant Fox is sued in his individual capacity.

15.     Defendant William Eschenfelder is, and was at all times relevant, a police officer employed by the City of Westlake, Ohio acting under the color of state law.  Defendant Eschenfelder is a "person" under 42 U.S.C. § 1983.  Defendant Eschenfelder is sued in his individual capacity.

16.     Defendant City of Avon, Ohio ("Avon") is, and was at all times relevant, a political subdivision and unit of local government duly organized under the laws of the State of Ohio residing in the Northern District of Ohio, Eastern Division, and acting under the color of state law.  Defendant Avon is a "person" under 42 U.S.C. § 1983.

17.     Defendant Richard A. Bosley is, and was at all times relevant, the Chief of Police for the City of Avon.  At all times relevant, Defendant Bosley was a policymaker for Avon charged with the non-delegable duty to adequately and properly train and supervise police officers employed by Avon.  Defendant Bosley is a "person" under 42 U.S.C. § 1983.  Defendant Bosley is sued in his official and individual capacity.

18.     Defendant Andy Kehl is, and was at all times relevant, a police officer employed by the City of Avon, Ohio acting under the color of state law.  Defendant Kehl is a "person" under 42 U.S.C. § 1983.  Defendant Kehl is sued in his individual capacity.

19.     Defendant Pat Neuhoff is, and was at all times relevant, a police officer employed by the City of Avon, Ohio acting under the color of state law.  Defendant Neuhoff is a "person" under 42 U.S.C. § 1983.  Defendant Neuhoff is sued in his individual capacity.

20.     Defendant Robert Olds is, and was at all times relevant, a police officer employed by the City of Avon, Ohio acting under the color of state law.  Defendant Olds is a "person" under 42 U.S.C. § 1983.  Defendant Olds is sued in his individual capacity.

## STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

21.     Plaintiff incorporates Paragraphs 1-20 of this Complaint with the same force and effect as if fully restated herein.

22.     Defendant Olds was the supervisor on duty for the City of Avon and was directly responsible for supervising the conduct of Defendants Kehl and Neuhoff on October 23, 2014.

23.     Defendant Eschenfelder was the supervisor on duty for the City of Westlake and was directly responsible for supervising the conduct of Defendants Arcuri and Fox on October 23, 2014.

24.     At approximately 8:45pm on the night of Thursday October 23, 2014, Plaintiff William Winter stopped at The Dover Gardens Tavern ("Dover Gardens") on 27402 Detroit Rd., Westlake, Ohio for dinner. There were dozens of people within the restaurant, which was typical given the time of night.

25.     At approximately the same time Plaintiff William Winter entered Dover Gardens, it was reported that two individuals may be attempting to steal a work truck that was parked at a golf course in Avon Lake, Ohio.

26.     The two individuals who were seen near the work truck were Brandon Pawlak and Matthew Sowden.

27.     Brandon Pawlak entered the pickup truck and began driving it.  Sowden entered his own vehicle and drove away.

28.     Avon Police responded and Sgt. George Ruple pulled behind Sowden's vehicle, activated his lights, and advised Sowden to pull his vehicle to the side of the road, which he did.

29.     Based upon discussions with Sowden and radio traffic, all Defendants knew at all relevant times the identity of Pawlak and possessed sufficient information to arrest Pawlak without endangering the lives and welfare of the public in a police pursuit.

30.     At all relevant times, Defendants knew that Pawlak was traveling in the automobile alone and without any occupants, passengers, or hostages.

31.     Pawlak never brandished a firearm and never attempted to injure any of the Defendants or other law enforcement officer and never made any overt acts or gestures that he would intentionally injure anyone.

32.     Defendant Neuhoff pulled his Avon police cruiser behind Pawlak and began to pursue the vehicle.

33.     Defendant Kehl also used his police cruiser to engage in the pursuit and chase of Pawlak.

34.      Defendants Kehl and Neuhoff took turns leading the pursuit of Pawlak's vehicle.

35.     Defendants Kehl and Neuhoff increased the speed of the chase to limits that were excessive, outrageous, and dangerous and which they knew increased both the likelihood of a crash and the severity of any injuries if a crash occurred.

36.     Upon information and belief, Defendant Olds was contacted by Avon law enforcement and with full knowledge of the circumstances, authorized the pursuit.

37.     While in the records room at the City of Westlake Police Department, Arcuri and Fox learned that law enforcement officers from Avon were pursuing Pawlak.

38.     Defendants Arcuri and Fox had several minutes to decide whether to engage in the pursuit, to contact a supervisor and request the best course of action, to determine whether to create any kind of a roadblock or engage Pawlak in any way, and to elicit additional information concerning the pursuit.

39.     At no time were Defendants Arcuri or Fox involved in any high speed chase or circumstance that required or warranted split-second decision-making.  Forethought was feasible, and there was ample opportunity for deliberation.

40.     Defendants Arcuri and Fox exited the City of Westlake Police Department, entered their respective police cruisers, and drove toward the section of Detroit Road where Dover Gardens is located.

41.     While Detroit Road has as many as seven lanes in some areas, the area along Detroit Road where Dover Gardens is located is only two lanes with a common turn lane, and the road curves in a slight "S" shape toward the tavern.

42.     The area along Detroit Road near Dover Gardens consists of multi-unit commercial properties, like Dover Gardens, and multi-unit residential properties, including apartments and assisted living facilities.

8

43.     Defendants Arcuri and Fox knew that pedestrians were in the area directly adjacent to the roadway on Detroit Road, including within Dover Gardens.

44.     After several minutes of deliberation, Arcuri parked his cruiser in the common left turn lane (center lane) on Detroit Road directly outside of Dover Gardens, creating a roadblock.

45.     After deliberating for the same amount of time as Arcuri, Fox chose to park his cruiser across the street from Dover Gardens near Arcuri's vehicle.

46.     Fox and Arcuri violated Defendant Westlake's written policies concerning the use of roadblocks given the circumstances of this pursuit.

47.     Once the roadblock was created, Arcuri did not activate his overhead lights and four-way flashers as required by Westlake policy and industry standards.

48.     Just beyond the roadblock, multiple cars were parked in the Dover Gardens parking lot and pedestrians were in and outside of the building.

49.     Arcuri and Fox exited their vehicles, walked to the back of their cruisers, removed stop stick tire deflation devices that were mounted in the trunk, walked into the roadway, and deployed stop sticks into the roadway and waited for Pawlak to approach and strike the stop sticks under circumstances where is it was substantially certain that the truck would be forced off the road and crash into one of the commercial or residential properties in the area.

50.     Although there was ample opportunity to do so, Defendants Arcuri and Fox never contacted a supervisor to request permission to create a roadblock or deploy stop sticks and chose not to coordinate with a supervisor about how or when to create a roadblock or deploy stops sticks, all under circumstances where it was known with substantial certainty that creating

a road block and deploying stop sticks in the chosen manner was substantially certain to result in mass casualties and potential death of innocent individuals.

51.     Upon information and belief, Defendants Olds, Kehl, and Neuhoff requested that Westlake police officers create a roadblock and deploy stop sticks and were aware that Defendants Arcuri and Fox did create a roadblock and deploy stop sticks in the manner described above.

52.     Pawlak approached the illegal and non-customary roadblock that had been created by Defendants Arcuri and Fox and struck the stop sticks.

53.     When the truck's tires struck the stop sticks, the vehicle went out of control at a high rate of speed slamming into and going through the Dover Garden's building where dozens of people were located, pinning people beneath the truck, under debris, and against structures of the restaurant.

54.     The pursuit and deployment of roadblocks exposed members of the public to an unnecessary risk of serious injury and death.

55.     The crash and the subsequent injuries were directly and proximately caused by the chosen and deliberate actions of the Defendants in pursuing Pawlak at an excessive rate of speed and creating a roadblock and deploying stop sticks that were made with the intention of forcing Pawlak's vehicle off the roadway.

56.     Upon information and belief, Defendant Eschenfelder was aware of the pursuit of Pawlak, that the pursuit was entering the Westlake jurisdictional limits, and acquiesced to and/or sanctioned the creation of the road block and deployment of the stop sticks under circumstances that were substantially certain to result in injuries to the public.

57.     Upon information and belief, Defendant Bielozer was aware of the pursuit of Pawlak, that the pursuit was entering the Westlake jurisdictional limits, and acquiesced to and/or sanctioned the creation of the road block and deployment of the stop sticks under circumstances that were substantially certain to result in injuries to the public.

58.     Defendant Bielozer and Westlake have ratified the conduct of Defendants Arcuri, Fox, and Eschenfelder and endorsed their actions in causing the crash on October 23, 2014 as being consistent with the policies, practices, and customs of the City of Westlake.

59.     Defendant Bosley and Avon have ratified the conduct of Kehl, Neuhoff, and Olds and endorsed their actions in causing the crash on October 23, 2014 as being consistent with the policies, practices, and customs of the City of Westlake.

60.     Approximately thirteen people were seriously injured in the crash, including Plaintiff William Winter, who suffered severe physical and emotional injuries, including multiple fractures and internal injuries, some of which are permanent.

**FIRST CLAIM FOR RELIEF**
**(42 U.S.C. § 1983 Against Defendants Arcuri and Fox for Violations of William Winter's Substantive Due Process Rights in Violation of the Fourteenth Amendment)**

61.     Plaintiff repeats, reiterates, and realleges the allegations in Paragraphs 1 through 60 of this Complaint with the same force and effect as if fully rewritten herein.

62.     At the aforementioned time and place, Defendants Arcuri and Fox, acting under color of law and within the course and scope of their employment as police officers with Defendant City of Westlake, purposefully and intentionally forced the vehicle Pawlak was driving off the roadway while it was travelling at a high rate of speed in a pedestrian-heavy area under circumstances that were substantially certain to result in injury or death to members of the public.

11

63.     Defendants Arcuri and Fox had ample opportunity to deliberate about their chosen course of action and it was practical to do so but disregarded the known and obvious risks associated with forcing Pawlak's vehicle off the road into Dover Gardens.

64.     Defendants conduct in forcing Pawlak's vehicle off the road with an intent to injure and with deliberate indifference to the known and obvious consequences of doing so was conscience shocking and substantially and directly violated Plaintiff's fundamental right to liberty, bodily integrity, and to be free from physical injury without due process of law in violation of the Fourteenth Amendment.

65.     Defendants' actions directly and proximately caused the vehicle to crash into Dover Gardens and Plaintiff's injuries.

**WHEREFORE,** Plaintiff William Winter prays for judgment against Defendants Arcuri and Fox, jointly and severally, for:

      a.      Compensatory damages in an amount that will fully and fairly compensate Plaintiff for his injury, damage, and loss;

      b.      Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

      c.      Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

      d.      All such other relief to which Plaintiff is entitled and/or the Court deems appropriate.

<u>SECOND CLAIM FOR RELIEF</u>
**(42 U.S.C. § 1983 Supervisory Liability Against Defendant Eschenfelder and Bielozer, in his Individual Capacity)**

66.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in Paragraphs 1-65 of this Complaint with the same force and effect as if fully set forth herein.

67.    Defendants Arcuri and Fox were the subordinates of Defendants Eschenfelder and Bielozer, and as alleged herein, Plaintiff's rights were violated by the actions of Defendants Arcuri and Fox.

68.    Defendants Eschenfelder and Bielozer were personally involved in the violation of Plaintiff's federally protected rights by, among other acts:

    i.    Directly participating in the conduct of Defendants Arcuri and Fox by acquiescing to and failing to intervene to correct the actions of Defendants Arcuri and Fox once it was known that they were occurring;

    ii.    Failing to train their subordinates, including Defendants Arcuri and Fox on engaging in police pursuits, terminating police pursuits, and forcing vehicles off the roadway through the use of roadblocks or stop sticks when the need for additional training was apparent and through their actions and inactions, creating a policy, practice, or custom in which violations occurred;

    iii.    Consistently failing to supervise and train their subordinates, including Defendants Arcuri and Fox, such that the violation of a citizen's rights were highly predictable under the usual and recurring, circumstances, and did occur against Plaintiff in the manner predicted; and

    iv.    Remaining deliberately indifferent to and consciously disregarding the rights of citizens and civilians by failing to act on information that constitutional rights were being violated.

69.    Defendants Eschenfelder and Bielozer's failure to supervise and train and their participation in the conduct of their subordinates was affirmatively linked to the violations of Plaintiff's federally protected rights.

70.    As a direct and proximate result of Defendants Eschenfelder and Bielozer's failure to supervise and train Defendants Arcuri and Fox and in participating in Defendants Arcuri and Fox's course of conduct, Plaintiff was forced to endure and suffer, and continues to endure and suffer, extreme physical, mental, and emotional pain and suffering and pecuniary loss.

71.     In failing to train and supervise and by participating in Defendants Arcuri and Fox's conduct, Defendants Eschenfelder and Fox acted wantonly, willfully, recklessly, without justification, maliciously, and with deliberate indifference to Plaintiff's federally protected rights warranting the imposition of exemplary punitive damages.

**WHEREFORE,** Plaintiff William Winter prays for judgment against Defendants Eschenfelder and Bielozer for:

a.     Compensatory damages in an amount that will fully and fairly compensate him for his injury, damage, and loss;

b.     Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

c.     Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

d.     All such other relief which the Court deems appropriate.

### THIRD CLAIM FOR RELIEF
**(42 U.S.C. § 1983 Against Defendants City of Westlake, Ohio and Chief Bielozer, in his Official Capacity, for Failure to Train and Supervise and for Customs, Policies, and Practices Causing Violations of the Fourteenth Amendment)**

72.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in Paragraphs 1-71 of this Complaint with the same force and effect as if fully set forth herein.

73.     Plaintiff is informed and believes and alleges thereon that Defendants Arcuri and Fox and/or several other City of Westlake law enforcement officers have a history of violating citizens' constitutional rights, in improperly engaging in police pursuits, continuing in police pursuits, driving at an excessive and improper rate of speed, and acting with deliberate indifference to known or likely consequences of their conduct which Defendants Bielozer and City of Westlake, Ohio, are, and were at all times relevant, aware.

74.     On information and belief, Defendant Chief Bielozer failed to adequately and properly train and/or supervise Defendants Arcuri and Fox and other City of Westlake Police Officers on the usually recurring circumstances likely to be faced by City of Westlake law enforcement, including responding to police pursuits, directing traffic, and engaging in traffic stops.

75.     On information and belief, Defendants Chief Bielozer and City of Westlake, Ohio, implemented customs and policies for training and supervision of City of Westlake police officers on police pursuits, directing traffic, and engaging in traffic stops that, on their face, violate the Fourteenth Amendment.  Alternatively, on information and belief, Defendants Bielozer and City of Westlake, Ohio, implemented otherwise facially valid customs and policies in a manner such that constitutional violations were likely to be and were visited upon those inhabiting or visiting the City of Westlake, Ohio or otherwise within the jurisdictional limits of the City of Westlake Division of Police, including Plaintiff.

76.     As a direct and proximate result of Defendants Chief Bielozer and City of Westlake, Ohio's customs, policies, and practices described herein, which violate the Fourteenth Amendment on its face, or otherwise are applied in a manner such that Fourteenth Amendment violations are likely to and do occur, Plaintiff was forced to endure and suffer extreme physical, mental, and emotional pain and suffering, pecuniary loss, and death.

**WHEREFORE,** Plaintiff William Winter prays for judgment against Defendants Bielozer, in his Official Capacity, and City of Westlake, Ohio, jointly and severally, for:

    a.      Compensatory damages in an amount that will fully and fairly
            compensate Plaintiff for the injury, damage, and loss he suffered;

    b.      Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C.
            § 1988; and

15

   c.  All such other relief which the Court deems appropriate.

**FOURTH CLAIM FOR RELIEF**

**(42 U.S.C. § 1983 Against Defendants City of Westlake and Chief Bielozer, in his Official Capacity, for Customs and Policies Causing Constitutional Violations - *Ratification*)**

  77. Plaintiff repeats, reiterates, and realleges each and every allegation contained Paragraphs 1-76 of this Complaint with the same force and effect as if fully set forth herein.

  78. Defendants City of Westlake and/or Chief Bielozer, each of whom had final policymaking authority, ratified the conduct of Defendants Arcuri and Fox described herein and/or otherwise failed to investigate or punish said conduct.

  79. Defendants City of Westlake and/or Chief Bielozer's ratification referenced in the preceding paragraph constitutes an official policy of Defendant City of Westlake and/or Chief Bielozer.

  80. Defendants City of Westlake and/or Chief Bielozer's ratification and/or failure to investigate or punish as described herein renders them liable to Plaintiff for the constitutional violations alleged herein in accordance with *Marchese v. Lucas*, 758 F.2d 181 (6th Cir. 1985) and its progeny.

  **WHEREFORE,** Plaintiff William Winter prays for judgment against Defendants City of Westlake and/or Chief Bielozer, jointly and severally, for:

   a.  Compensatory damages in an amount that will fully and fairly compensate Plaintiff for the injury, damage, and loss he suffered by;

   b.  Costs of suit and reasonable attorneys' fees; and

   c.  All such other relief which the Court deems appropriate.

## FIFTH CLAIM FOR RELIEF
### (Recklessness – Ohio State Law – against Defendants Arcuri, Fox, Eschenfelder, Bielozer, and City of Westlake, Ohio)

81.     Plaintiff repeats, reiterates, and realleges each and all of the allegations contained in Paragraphs 1-80 of this Complaint with the same force and effect as if fully set forth herein.

82.     Defendants Arcuri and Fox acted recklessly, willfully, and/or wantonly in their conduct by forcing the vehicle Pawlak was driving off the roadway under the circumstances described above.

83.     Defendants Arcuri and Fox's conduct as described previously in this Complaint was extreme and outrageous.

84.     Defendants Arcuri and Pawlak were acting within the course and scope of their employment with the City of Westlake.

85.     Defendants Arcuri and Fox's decision to force Pawlak's vehicle off the roadway while it was travelling at a high rate of speed was the direct and proximate cause of Plaintiff's injuries, which has caused him to suffer economic and non-economic damages, including, but not limited to, physical injury and physical and emotional pain and suffering, which will continue into the future.

86.     As a matter of law, Defendants Bielozer, in his official capacity, and City of Westlake are liable for Defendants Arcuri and Fox's conduct.

**WHEREFORE,** Plaintiff William Winter prays for judgment against Defendants Arcuri, Eschenfelder, Bielozer, and City of Westlake, jointly and severally, for:

d.     Compensatory damages in an amount that will fully and fairly compensate Plaintiff for his injury, damage, and loss;

b.     Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

c.     All such other relief to which Plaintiff is entitled and/or the Court deems appropriate.

**SIXTH CLAIM FOR RELIEF**

**(42 U.S.C. § 1983 Against Defendants Kehl and Neuhoff Violations of William Winter's Substantive Due Process Rights in Violation of the Fourteenth Amendment)**

87.    Plaintiff repeats, reiterates, and realleges the allegations in Paragraphs 1 through 86 of this Complaint with the same force and effect as if fully rewritten herein.

88.    At the aforementioned time and place, Defendants Kehl and Neuhoff, acting under color of law and within the course and scope of their employment as police officers with Defendant City of Avon, and initiated and continued in a high speed chase and advised Westlake to purposefully and intentionally force the vehicle Pawlak was driving off the roadway while it was travelling at a high rate of speed in a pedestrian-heavy area under circumstances that were substantially certain to result in injury or death to members of the public.

89.    Defendants conduct in their initiation, continuation, and the manner in which they conducted the high speed chase and in requesting that Westlake force Pawlak's vehicle off the road with an intent to injure and with deliberate indifference to the known and obvious consequences of doing so was conscience shocking and substantially and directly violated Plaintiff's fundamental right to liberty, bodily integrity, and to be free from physical injury without due process of law in violation of the Fourteenth Amendment.

90.    Defendants' actions directly and proximately caused the vehicle to crash into Dover Gardens and Plaintiff's injuries.

**WHEREFORE,** Plaintiff William Winter prays for judgment against Defendants Kehl and Neuhoff, jointly and severally, for:

e.     Compensatory damages in an amount that will fully and fairly compensate Plaintiff for his injury, damage, and loss;

f.      Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

g.      Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

h.      All such other relief to which Plaintiff is entitled and/or the Court deems appropriate.

## SEVENTH CLAIM FOR RELIEF
### (42 U.S.C. § 1983 Supervisory Liability Against Defendant Olds and Bosley, in his Individual Capacity)

91.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in Paragraphs 1-90 of this Complaint with the same force and effect as if fully set forth herein.

92.     Defendants Kehl and Neuhoff were the subordinates of Defendants Olds and Bosley, and as alleged herein, Plaintiff's rights were violated by the actions of Defendants Kehl and Neuhoff.

93.     Defendants Olds and Bosley were personally involved in the violation of Plaintiff's federally protected rights by, among other acts:

v.      Directly participating in and encouraging the conduct of Defendants Kehl and Neuhoff by encouraging, acquiescing to, and failing to intervene to correct the actions of Defendants Kehl and Neuhoff once it was known that they were occurring;

vi.     Failing to train their subordinates, including Defendants Kehl and Neuhoff on engaging in police pursuits, terminating police pursuits, and forcing vehicles off the roadway through the use of roadblocks or stop sticks when the need for additional training was apparent and through their actions and inactions, creating a policy, practice, or custom in which violations occurred;

vii.    Consistently failing to supervise and train their subordinates, including Defendants Kehl and Neuhoff, such that the violation of a citizen's rights were highly predictable under the usual and recurring, circumstances, and did occur against Plaintiff in the manner predicted; and

viii.   Remaining deliberately indifferent to and consciously disregarding the rights of citizens and civilians by failing to act on information that constitutional rights were being violated.

94.     Defendants Olds and Bosley's failure to supervise and train and their participation in the conduct of their subordinates was affirmatively linked to the violations of Plaintiff's federally protected rights.

95.     As a direct and proximate result of Defendants Olds and Bosley's failure to supervise and train Defendants Kehl and Neuhoff and in participating in Defendants Kehl and Neuhoff's course of conduct, Plaintiff was forced to endure and suffer, and continues to endure and suffer, extreme physical, mental, and emotional pain and suffering and pecuniary loss.

96.     In failing to train and supervise and by participating in Defendants Kehl and Neuhoff's conduct, Defendants Olds and Bosley acted wantonly, willfully, recklessly, without justification, maliciously, and with deliberate indifference to Plaintiff's federally protected rights warranting the imposition of exemplary punitive damages.

**WHEREFORE,** Plaintiff William Winter prays for judgment against Defendants Olds and Bosley for:

 e. Compensatory damages in an amount that will fully and fairly compensate him for his injury, damage, and loss;

 f. Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

 g. Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

 h. All such other relief which the Court deems appropriate.

## EIGHTH CLAIM FOR RELIEF
**(42 U.S.C. § 1983 Against Defendants City of Avon, Ohio and Chief Bosley, in his Official Capacity, for Failure to Train and Supervise and for Customs, Policies, and Practices Causing Violations of the Fourteenth Amendment)**

97.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in Paragraphs 1-96 of this Complaint with the same force and effect as if fully set forth herein.

98.   Plaintiff is informed and believes and alleges thereon that Defendants Kehl and Neuhoff and/or several other City of Avon law enforcement officers have a history of violating citizens' constitutional rights, in improperly engaging in police pursuits, continuing in police pursuits, driving at excessive and improper rates of speed, and acting with deliberate indifference to known or likely consequences of their conduct which Defendants Bosley and City of Avon, Ohio, are, and were at all times relevant, aware.

99.   On information and belief, Defendant Chief Bosley failed to adequately and properly train and/or supervise Defendants Kehl and Neuhoff and other City of Avon Police Officers on the usually recurring circumstances likely to be faced by City of Avon law enforcement, including responding to police pursuits, directing traffic, and engaging in traffic stops.

100.   On information and belief, Defendants Chief Bosley and City of Avon, Ohio, implemented customs and policies for training and supervision of City of Avon police officers on police pursuits, directing traffic, and engaging in traffic stops that, on their face, violate the Fourteenth Amendment.  Alternatively, on information and belief, Defendants Bosley and City of Avon, Ohio, implemented otherwise facially valid customs and policies in a manner such that constitutional violations were likely to be and were visited upon those inhabiting or visiting the City of Avon, Ohio or otherwise within the jurisdictional limits of the City of Avon Division of Police, including Plaintiff.

101.   As a direct and proximate result of Defendants Chief Bosley and City of Avon, Ohio's customs, policies, and practices described herein, which violate the Fourteenth Amendment on its face, or otherwise are applied in a manner such that Fourteenth Amendment

violations are likely to and do occur, Plaintiff was forced to endure and suffer extreme physical, mental, and emotional pain and suffering, pecuniary loss, and death.

**WHEREFORE,** Plaintiff William Winter prays for judgment against Defendants Bosley, in his Official Capacity, and City of Avon, Ohio, jointly and severally, for:

a.   Compensatory damages in an amount that will fully and fairly compensate Plaintiff for the injury, damage, and loss he suffered;

b.   Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

c.   All such other relief which the Court deems appropriate.

<u>**NINTH CLAIM FOR RELIEF**</u>
**(42 U.S.C. § 1983 Against Defendants City of Avon and Chief Bosley, in his Official Capacity, for Customs and Policies Causing Constitutional Violations - *Ratification*)**

102.   Plaintiff repeats, reiterates, and realleges each and every allegation contained Paragraphs 1-101 of this Complaint with the same force and effect as if fully set forth herein.

103.   Defendants City of Avon and/or Chief Bosley, each of whom had final policymaking authority, ratified the conduct of Defendants Kehl and Neuhoff described herein and/or otherwise failed to investigate or punish said conduct.

104.   Defendants City of Avon and/or Chief Bosley ratification referenced in the preceding paragraph constitutes an official policy of Defendant City of Avon and/or Chief Bosley.

105.   Defendants City of Avon and/or Chief Bosley's ratification and/or failure to investigate or punish as described herein renders them liable to Plaintiff for the constitutional violations alleged herein in accordance with *Marchese v. Lucas*, 758 F.2d 181 (6th Cir. 1985) and its progeny.

**WHEREFORE,** Plaintiff William Winter prays for judgment against Defendants City of Avon and/or Chief Bosley, jointly and severally, for:

> d.    Compensatory damages in an amount that will fully and fairly compensate Plaintiff for the injury, damage, and loss he suffered by;
>
> e.    Costs of suit and reasonable attorneys' fees; and
>
> f.    All such other relief which the Court deems appropriate.

## TENTH CLAIM FOR RELIEF
**(Recklessness – Ohio State Law – against Defendants Kehl, Neuhoff, Olds, Bosley, and City of Avon, Ohio)**

106.    Plaintiff repeats, reiterates, and realleges each and all of the allegations contained in Paragraphs 1-105 of this Complaint with the same force and effect as if fully set forth herein.

107.    Defendants Kehl, Neuhoff, and Olds acted recklessly, willfully, and/or wantonly in their initiation, continuation, and the manner in which they pursued the vehicle and in requesting that officers from the City of Westlake force the vehicle off the roadway under the circumstances described above.

108.    Defendants Kehl, Neuhoff, and Olds' conduct as described previously in this Complaint was extreme and outrageous.

109.    Defendants Kehl, Neuhoff, and Olds were acting within the course and scope of their employment with the City of Avon.

110.    Defendants Kehl, Neuhoff, and Olds' initiation, continuation, and the manner in which they pursued Pawlak's vehicle and in their request that Westlake officers force Pawlak's vehicle off the roadway while it was travelling at a high rate of speed was the direct and proximate cause of Plaintiff's injuries, which has caused him to suffer economic and non-

economic damages, including, but not limited to, physical injury and physical and emotional pain and suffering, which will continue into the future.

111.    As a matter of law, Defendants Bosley, in his official capacity, and City of Avon are liable for Defendants Kehl, Neuhoff, and Olds' conduct as described above.

**WHEREFORE,** Plaintiff William Winter prays for judgment against Defendants Kehl, Neuhoff, Olds, Bosley, and City of Avon, jointly and severally, for:

d.    Compensatory damages in an amount that will fully and fairly compensate Plaintiff for his injury, damage, and loss;

d.    Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

e.    All such other relief to which Plaintiff is entitled and/or the Court deems appropriate.

***TRIAL BY JURY ON ALL CLAIMS FOR RELIEF HEREBY DEMANDED.***

DATED this 21st day of April 2016

s/ *Michael A. Hill*
NICHOLAS A. DICELLO (Ohio Bar No. 0075745)
MICHAEL A. HILL (Ohio Bar No. 0088130)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (FAX)
*ndicello@spanglaw.com*
*mhill@spanglaw.com*

DANIEL A. ROMAINE (Ohio Bar No. 0066672)
Nager, Romaine & Schneiberg Co., LPA
27730 Euclid Avenue
Cleveland, OH  44132
(216) 289-4740
(216) 289-4743 (FAX)
*dromaine@NRSinjurylaw.com*

***Counsel for Plaintiff***